**Walter S. MARTYNA, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COMPA-
NY, a corporation, Defendant.**

**Civ. A. No. 60–745.**

United States District Court
W. D. Pennsylvania.

April 19, 1963.

Dennis C. Harrington, of McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

William C. Walker, of Dickie, Mc-Camey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this case the plaintiff, Walter S. Martyna, brought suit against the Pennsylvania Railroad Company, his employer, under the Federal Employers Liability Act for damages caused by a violation of the Safety Appliance Act,[1] i. e., an inefficient hand brake, and by negligence of the defendant's employees.[2]

The jury returned a verdict of $25,-500.00 in favor of the plaintiff.

Plaintiff asks for a new trial for the reason that the submission of the issue of contributory negligence to the jury was improper because there was no evidence to support it. In our opinion the motion should be denied.

In disposing of the motion we must assume that the jury negatived liability under the Safety Appliance Act, and accordingly we disregard the evidence tending to prove a violation under that Act, i. e., that the hand brake was inefficient. The reason for this assumption on our part is that if the verdict was based on the Safety Appliance Act, negligence and contributory negligence would not be applicable, and the jury was so instructed (R. 169, 185), 45 U.S.C.A. § 53. As was held in O'Donnell v. Elgin, J. & E. R. Co., 338 U.S. 384, 390, 70 S.Ct. 200, 94 L.Ed. 187, the Supreme Court "early swept all issues of negligence out of cases under the Safety Appliance Act." A violation of that Act results in absolute liability.

However, plaintiff was very much aware that the jury might find that the brake was efficient (R. 160–163), and elected not to rely for recovery solely upon a violation of the Safety Appliance Act.

1. 45 U.S.C.A. § 11.

2. 45 U.S.C.A. § 51.

Although the defendant offered no evidence, in our opinion the testimony offered by the plaintiff and his witness to prove negligence on the part of the Railroad's employees required instructions on negligence and contributory negligence under the Federal Employers Liability Act, 45 U.S.C.A. §§ 51, 53, in addition to instructions on the alleged violation under the Safety Appliance Act.

The evidence established that there were three railroad cars standing on a sidetrack called the milk track; a caboose on which the plaintiff, a flagman, was riding collided with these cars resulting in his injuries. The negligence alleged to have caused the collision was that as part of an extensive switching operation, the engineer, upon receiving a sign from the plaintiff (R. 11), "kicked" the caboose into the milk track at a speed of 6 to 7 miles per hour, which allegedly was too fast, and that the engine should have pushed the caboose into the milk track instead of "kicking" it. After the caboose was "kicked" by the engine, it was plaintiff's duty to apply the hand brake and stop it, but the caboose failed to stop before colliding with the standing cars.

Although it was night, the jury could have inferred from prior movements in the shifting operation that plaintiff was aware of the standing cars on the milk track. The brakeman on the train testified that at the time of the accident, he saw these cars from a distance of 250 to 300 feet (R. 120, 128). Plaintiff did not testify that he was unaware of the standing cars, although he said he could not see the track ahead of him while operating the brake. Plaintiff did testify that the brake operated efficiently before and after the collision (R. 62–63, 69). There was no evidence of any particular defect in the brake mechanism.

If the brake was efficient, the conduct of the Railroad's employees, as well as plaintiff's own conduct in signalling for the "kick" and operating the brake, were proper considerations for the jury in determining whether or not the Railroad's employees were negligent and the plaintiff was contributorily negligent. The defendant had a strong argument that the brake was operating efficiently at the time of the accident. If the jury accepted this contention, as well it might, whether or not plaintiff in the exercise of due care for his own safety was alert and timely and properly applied the brake were circumstances for the jury to consider in passing upon the issue of contributory negligence.

An appropriate order will be entered.